UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Uriah Cone,

   Plaintiff,              Case No. 1:13cv805

   v.                     Judge Michael R. Barrett

Cincinnati Metropolitan
Housing Authority, *et al.*,

   Defendants.

## **OPINION & ORDER**

This matter is before the Court upon Defendants Cincinnati Metropolitan Housing Authority, William Arnold and Linda Thorpe's Motion to Dismiss. (Doc. 3). Plaintiff filed a Response (Doc. 4) and Defendants filed a Reply (Doc. 5).

**I. BACKGROUND**

According to his Complaint, Plaintiff was hired by Defendants to "make ready" vacated rental units for new incoming tenants. Defendants are Cincinnati Metropolitan Housing Authority ("CMHA"), William Arnold, who is a CHMA manager, and Linda Thorpe, who is the coordinator of small business for CMHA. CMHA would contract with Plaintiff to perform the work.

Plaintiff alleges that while he was working on a CMHA project, he met with Arnold and Thorpe. Plaintiff alleges that Arnold and Thorpe informed him that his contract on the project was being terminated and he was to remove his equipment from the apartments. Plaintiff was told to meet with Arnold on Monday, August 5, 2013 to resolve the issue of how much Plaintiff was owed for his work. Plaintiff met with Arnold

and Thorpe on that date.  Arnold and Thorpe told Plaintiff to turn in his master keys and badges to the CMHA lock shop.  Plaintiff called the lock shop on Wednesday, August 7, 2013 and made arrangements to deliver the keys the next morning.  Plaintiff dropped off the keys early in the morning of August 8th.  Plaintiff then called Arnold, informed him that he had returned the keys, and asked when he would be paid.

Plaintiff was not aware that on August 7th, Defendants informed the Cincinnati police that Plaintiff refused to return three master keys which belonged to CMHA.  A felony theft complaint and arrest warrant were issued.

While he was driving on August 15, 2013, Plaintiff was pulled over by the police and arrested.  Plaintiff was jailed overnight and released the next morning.

On August 30, 2013, the case against Plaintiff was presented to the Hamilton County grand jury.  The grand jury "ignored" the case and the prosecution was terminated.

Plaintiff brings claims under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment claims.  Plaintiff also brings a state-law claim for breach of contract for money owed to Plaintiff for work he completed.

In its Motion to Dismiss, Defendants seek to dismiss all of Plaintiff's claims. Defendants argue that Plaintiff's claim under § 1983 fails because Plaintiff has not sufficiently alleged state action on the part of Defendants.  Defendants argue that because Plaintiff's §1983 claim fails, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claim.

## II. ANALYSIS

### A. Motion to Dismiss Standard

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Section 1983

To state a § 1983 claim, a plaintiff must establish "(a) deprivation of a right secured under the Constitution or federal law; and (b) that deprivation was caused by a person acting under color of state law." *Alkire v. Irving*, 330 F.3d 802, 813 (6th Cir. 2003) (citing *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996)). Defendants argue that they were not acting under color of state law when they filed the police report.

As the Sixth Circuit has explained, a state actor is generally not acting under

color of state law "unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or unless the conduct is such that the actor could not have behaved as he did without the authority of his office." *Waters v. City of Morristown, TN*, 242 F.3d 353, 359 (6th Cir. 2001) (citing *West v. Atkins*, 487 U.S. 42, 49–50 (1988) ("The traditional definition of acting under color of state law requires that the defendant . . . exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (internal citation and quotation marks omitted)). "The key determinant is whether the actor intends to act in an official capacity or to exercise official responsibilities pursuant to state law." *Id*. "[T]he acts of state officials 'in the ambit of their personal pursuits' do not constitute state action." *Id*. (quoting *Screws v. United States*, 325 U.S. 91, 111 (1945)). "Accordingly, a defendant's private conduct, outside the course or scope of his duties and unaided by any indicia of actual or ostensible state authority, is not conduct occurring under color of state law." *Id*.

Here, Plaintiff alleges that Defendants falsely reported to the police that he refused to return master keys owned by CMHA. This conduct occurred in the course of Defendants performing an actual or apparent duty of their office. It is conduct that relates "in some meaningful way either to the actor's governmental status or to the performance of his duties." *Waters*, 242 F.3d at 359; *cf Redding v. St. Eward*, 241 F.3d 530, 533 (6th Cir. 2001) (explaining that the officer's acts were "functionally equivalent to that of any private citizen calling for police assistance" and the "sole nature of the act she performed was to report what she believed to be a criminal act."). While Defendants could have certainly called the police as private citizens, in this instance

Defendants were not calling to report the theft of their own property, but were instead reporting that Plaintiff refused to return master keys which belonged to CMHA.

Therefore, the Court concludes that Plaintiff has sufficiently alleged state action.

### C. Breach of Contract

Because the Court has determined that Plaintiff's §1983 claim is not subject to dismissal at this stage of the proceedings, the Court will not address Defendants' argument regarding the exercise of supplemental jurisdiction over Plaintiff's breach of contract claim under state law.

### III. CONCLUSION

Based on the foregoing, Defendants Cincinnati Metropolitan Housing Authority, William Arnold and Linda Thorpe's Motion to Dismiss (Doc. 3) is **DENIED**.

**IT IS SO ORDERED.**

                                         */s/ Michael R. Barrett*
                                         JUDGE MICHAEL R. BARRETT